IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEON AGUSTIN GOVEA and ORALIA GOVEA, | § § § | |
| Plaintiffs, | § § | |
| | § | CIVIL ACTION NO. H-10-3482 |
| v. | § § | |
| JPMORGAN CHASE BANK, N.A., | § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

The defendant, JPMorgan Chase Bank, N.A., removed this action from the 113th District Court of Harris County, Texas, where it was filed under Cause No. 2010-55404, styled <u>Leon Agustin Govea and Oralia Govea v. JPMorgan Chase Bank, N.A.</u> Pending before the court is Plaintiff's Motion to Remand and Memorandum in Support of Motion to Remand (Docket Entry No. 4). For the reasons explained below, the motion for remand will be denied.

**I.   Factual and Procedural Background**

On September 2, 2010, plaintiffs, Leon and Oralia Govea (the "Goveas"), filed this action in state court against defendant JPMorgan Chase Bank, N.A. ("JPMorgan"), alleging breach of contract, fraud, and negligent misrepresentation arising from JPMorgan's alleged misconduct as the holder of the Goveas' home

mortgage.[1] The Goveas sought actual damages and attorneys' fees, as well as a temporary restraining order and a temporary injunction to prevent JPMorgan from foreclosing on their home.[2] No specific amount or value was assigned to the Goveas' request for damages; the petition merely stated that the "subject matter in controversy [was] within the jurisdictional limits of [the state] court."

On September 27, 2010, JPMorgan timely removed the action to this court based on diversity jurisdiction.[3] JPMorgan states that (1) there is complete diversity between the parties since the Goveas are citizens of Texas and JPMorgan is a citizen of Ohio, and (2) the amount in controversy exceeds $75,000 because the value of the Goveas' home, which is the object of their requests for injunctive relief, is $87,991.[4] The Goveas moved to remand the action on October 8, 2010, arguing that since the amount in controversy does not exceed $75,000, this court lacks subject-matter jurisdiction.[5]

---

[1]Plaintiffs' Original Petition, Application for Temporary Restraining Order and Temporary Injunction to Enjoin Foreclosure of Homestead ("Plaintiffs' Petition"), Exhibit A-3 to Defendant's Notice of Removal, Docket Entry No. 1.

[2]Id. ¶¶ 23-26 and p. 6.

[3]Defendant's Notice of Removal, Docket Entry No. 1, pp. 1-2.

[4]Id. at 2-3.

[5]Plaintiff's Motion to Remand and Memorandum in Support of Motion to Remand ("Plaintiffs' Motion to Remand"), Docket Entry No. 4, ¶¶ 4, 29-30.

## II. <u>Analysis</u>

The Goveas contend that this action should be remanded to state court because the amount in controversy does not exceed $75,000, and that the court should award the Goveas attorneys' fees for expenses incurred responding to JPMorgan's Notice of Removal and preparing for the state-court injunction hearing that was stayed because of removal. Federal courts have original jurisdiction over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Since the parties do not dispute that the parties are diverse,[6] the sole issue before the court is whether the amount in controversy exceeds $75,000.

### A. Applicable Law

Federal courts generally base decisions about subject-matter jurisdiction after removal on the plaintiff's allegations as they existed at the time that the defendant removed the action. <u>Kidd v. Southwest Airlines Co.</u>, 891 F.2d 540, 546 (5th Cir. 1990). Doubts about the propriety of removal are to be resolved in favor of

---

[6]The Goveas argue that JPMorgan is a citizen of New York while JPMorgan contends it is a citizen of Ohio. Although Ohio would be JPMorgan's state of citizenship if, as JPMorgan contends, its articles of association denote Ohio as its main office, <u>Wachovia Bank v. Schmidt</u>, 126 S. Ct. 941, 945 (2006), both positions produce an outcome of complete diversity since the Goveas are undisputedly citizens of Texas.

remand. Id. JPMorgan, as the party seeking to invoke federal jurisdiction, bears the burden of showing that the amount in controversy exceeds $75,000. Id. "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional amount]." De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993), cert. denied, 116 S. Ct. 180 (1995). The Fifth Circuit has set forth two ways to satisfy this burden.

> First, jurisdiction will be proper if "it is facially apparent" from the plaintiffs' complaint that their "claims are likely above [$75,000]." . . . If the value of the claims is not apparent, then the defendants "may support federal jurisdiction by setting forth the *facts* — [either] in the removal petition [or] by affidavit — that support a finding of the requisite amount."

Garcia v. Koch Oil Co. of Tex. Inc., 351 F.3d 636, 639 (5th Cir. 2003) (quoting Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)). If JPMorgan satisfies its burden using either of these two methods, the Goveas must establish to a legal certainty that the value of their claims is less than the $75,000 jurisdictional threshold in order to justify remand. De Aguilar, 47 F.3d at 1412.

## B.  Determining the Amount in Controversy

JPMorgan does not contend that it is facially apparent from the Goveas' state-court petition that the amount in controversy exceeds $75,000. Rather, utilizing the second method authorized by

the Fifth Circuit, JPMorgan sets forth facts in support of its argument that "[the Goveas'] request for injunctive relief alone exceeds the amount in controversy requirement necessary for federal jurisdiction."[7] JPMorgan argues that the Goveas stand to lose title to their property through foreclosure if their request for an injunction is denied, and that consequently the applicable value in determining the amount in controversy is the property's "current appraised fair-market value."[8] JPMorgan has submitted two documents pertaining to the appraised value of the Goveas' real property: (1) a print-out from the Harris County Appraisal District's website showing that the appraised value of the Goveas' property as of January 1, 2010, was $87,991[9]; and (2) an affidavit of the attorney who located the appraisal information explaining the process by which the information was obtained.[10]

The Goveas argue that JPMorgan has failed to demonstrate that the value of their claims exceed $75,000. First, the Goveas assert that the claims against JPMorgan are essentially requests that it "account for and give proper credit to" mortgage payments already paid by the Goveas and "to reinstate [the Goveas'] mortgage, which

---

[7]Defendant's Response to Plaintiffs' Motion to Remand ("Defendant's Response"), Docket Entry No. 6, p. 4.

[8]See id. at 5, 4-5.

[9]Harris County Appraisal District Real Property Account Information ("Appraisal"), Exhibit B-1 to id.

[10]Affidavit of Jude T. Hickland, Exhibit B to id.

-5-

together are valued at less than $10,000.[11] Second, the Goveas argue that their requests for temporary injunctive relief are "solely to maintain the status quo until [the mortgage disputes] are resolved."[12] The Goveas contend that even if the value of their home is included in the amount-in-controversy calculation, the value should at most amount to $22,423.75, which represents the Goveas' equity in the property (*i.e.*, the difference between the property's value and the amount the Goveas owe on their mortgage).[13]

In an action for injunctive relief "'it is well established that the amount in controversy is measured by the value of the object of the litigation.'" Garcia, 351 F.3d at 640 (quoting Hunt v. Wash. State Apple Adver. Comm'n, 97 S. Ct. 2434, 2443 (1977)). "To put it another way, the amount in controversy . . . is the value of the right to be protected or the extent of the injury to be prevented." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983). The court must therefore determine the "value of the object" of the Goveas' request for an injunction, or the "value of the extent of" the Goveas' injury if JPMorgan foreclosed on their home. The court may rely on "summary judgment-type" evidence in making its determination. St. Paul Reinsurance Co., 134 F.3d at 1253.

---

[11]Plaintiffs' Motion to Remand, Docket Entry No. 4, ¶¶ 4, 29.

[12]Id. ¶ 26.

[13]Id. ¶¶ 5-6.

To determine these values, the court first looks to the Goveas' state-court petition. The Goveas' petition requested a "Temporary Restraining Order" (TRO) to enjoin JPMorgan from conducting a non-judicial foreclosure on their property that was scheduled for September 7, 2010, five days from the date of the filing of the petition.[14] The state court granted the TRO, stating that if the TRO was not issued, the Goveas would "be irreparably harmed and injured because if [JPMorgan was] not immediately enjoined and restrained from conducting a foreclosure on [the Goveas' property] and homestead[,] . . . [the Goveas would] lose [their] homestead and place of abode for raising their family."[15] The Goveas also requested a temporary injunction preventing JPMorgan from foreclosing on the property "during the pendency of [the Goveas' suit against JPMorgan],"[16] and a hearing on the temporary injunction was scheduled for September 28, 2010, one day after JPMorgan removed the action.[17]

The Goveas' argument that the amount in controversy is below $10,000, plus attorneys' fees, because they merely requested

---

[14] See Plaintiffs' Petition, Exhibit A-3 to Defendant's Notice of Removal, Docket Entry No. 1, ¶¶ 23-25; Plaintiffs' Motion to Remand, Docket Entry No. 4, p. 1.

[15] Temporary Restraining Order, Exhibit A-5 to Defendant's Notice of Removal, Docket Entry No. 1, p. 1.

[16] Plaintiffs' Petition, Exhibit A-3 to Defendant's Notice of Removal, Docket Entry No. 1, ¶ 26.

[17] See Agreed Order Extending Temporary Restraining Order, Exhibit A-8 to Defendant's Notice of Removal, Docket Entry No. 1, pp. 1-2.

temporary injunctive relief[18] does not take into consideration their potential injury had their injunctive requests been denied. The restraining order granted by the state court and the requested injunction, though both temporary in nature, sought to prevent JPMorgan from conducting a non-judicial foreclosure on their property.[19] A non-judicial foreclosure is a "sale of real property after default by the debtor under a power of sale conferred by deed of trust or other contract lien." Morrison v. Christie, 266 S.W.3d 89, 92 (Tex. App.—Fort Worth, 2008, no pet.) (citing Tex. Prop. Code Ann. § 51.002(a) (Vernon 2010)). Consequently, if their request is denied, the Goveas could lose title to the property, a loss that must be taken into consideration in determining the total amount in controversy.

JPMorgan posits that the value of this loss, from the Goveas' perspective, is the fair-market value of their property. The Goveas argue that the value should only reflect their equity in the property, which the Goveas estimate is "approximately $26,000.00."[20] The Fifth Circuit has not considered what value to assign to a plaintiff's right to avoid foreclosure, but it has applied the principle that "when the validity of a contract or a right to property is called into question in its entirety, the value of the

---

[18] See Plaintiffs' Motion to Remand, Docket Entry No. 4, ¶¶ 4, 10.

[19] See id. ¶ 2.

[20] Id. ¶ 6.

property controls the amount in controversy." <u>Waller v. Professional Ins. Corp.</u>, 296 F.2d 545, 547-48 (5th Cir. 1961); <u>Nationstar Mortg. LLC v. Knox</u>, 351 Fed. Appx. 844, 848 (5th Cir. 2009) (unreported).

The Fifth Circuit's ruling in <u>Webb v. Investacorp, Inc.</u>, 89 F.3d 252 (5th Cir. 1996), guides the court's decision. In <u>Webb</u> the plaintiffs filed a state-court petition seeking a declaratory judgment and an injunction prohibiting the defendant from pursuing claims in arbitration proceedings. <u>Webb</u>, 89 F.3d at 255. The defendant removed the action. The Fifth Circuit held that the "district court properly looked to the amount of [the defendant's] claim in the underlying arbitration to determine the amount in controversy." <u>Id.</u> at 256-57. Since "the difference to the [plaintiffs] between winning and losing the underlying arbitration" satisfied the jurisdictional amount, the motion to remand was properly denied. <u>Id.</u> at 257 n.1. In <u>Leininger v. Leininger</u>, 705 F.2d 727 (5th Cir. 1983), the Fifth Circuit held that the amount in controversy for the plaintiff's request to enjoin the enforcement of his ex-wife's divorce judgment was the amount of the underlying judgment. <u>Leininger</u>, 705 F.2d at 728-29. <u>See also</u> <u>Beacon Constr. Co. v. Matco Electric Co.</u>, 521 F.2d 392, 399 (2d Cir. 1975) ("[T]he amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation."). In these cases, the "value of the

extent of the injury to be prevented" was the amount the plaintiffs stood to lose if their requests for injunctions were denied.[21]

In this case the court concludes that the "object" of the Goveas' requests for injunctive relief is their property, and that the "value of the extent of the injury to be prevented" is the amount of their loss if JPMorgan forecloses on the property. JPMorgan submits a print-out from the Harris County Appraisal District's website showing that the appraised fair-market value of the Goveas' property as of January 1, 2010, is $87,991.[22] The accompanying affidavit describes the process by which the appraisal was obtained and avers that the copy is true and accurate.[23] The court concludes that JPMorgan has shown by a preponderance of the evidence that the value of the Goveas' home, and thus the amount in controversy for the Goveas' request for injunctive relief, is $87,991.[24] Because this amount exceeds the jurisdictional

---

[21]In addition, a court in this district has held that when a plaintiff seeks a declaration for the defendant "to be estopped from accelerating and seeking foreclosure," the value of "the declaratory and injunctive relief" is the "current appraised fair market value of the [p]roperty" because the plaintiff "could be divested of all right, title, and interest to the [p]roperty." Berry v. Chase Home Fin., LLC, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009).

[22]Appraisal, Exhibit B-1 to Defendant's Response, Docket Entry No. 6, p. 1.

[23]Affidavit of Jude T. Hickland, Exhibit B to Defendant's Response, Docket Entry No. 6, pp. 1-2.

[24]Although the Goveas' argument that the amount in controversy is limited to their $26,000 equity in the property ostensibly has merit, it fails to take into account that they would lose the right
(continued...)

threshold, and because the Goveas have not demonstrated to a legal certainty that the value is below the jurisdictional amount, the court need not examine the value of the Goveas' other causes of action.[25]

## C. Evidentiary Objections

The Goveas argue that the copy of the appraisal value from the Harris County Appraisal District should not be considered when determining the amount in controversy because the Federal Rules of Evidence would prohibit its admission at trial.[26] Specifically, the Goveas argue that the document is inadmissible hearsay.[27] As stated

---

[24](...continued)
to occupy their home. In considering the true amount in controversy, the Goveas' continued right of occupancy, not merely their equity, is the right upon which the valuation should be based.

[25]This is not to say that a plaintiff in the appropriate case would be unable to justify remand even though the defendant has shown that the value of the property scheduled for foreclosure exceeds the jurisdictional amount. In making its determination the court considered summary-judgment-type evidence. St. Paul Reinsurance Co., 134 F.3d at 1253. The record before the court consists only of summary-judgment-type evidence submitted by the defendant, which shows an amount in excess of $75,000. The plaintiffs have not submitted affidavits or any other evidence that presents opposing valuations. They only argue that the amount in controversy should not exceed the disputed amount owed on the mortgage ("less than $10,000.00 plus attorney's fees," Plaintiffs' Motion to Remand, Docket Entry No. 4, ¶ 4), and the amount of their equity ("approximately $26,000," id. ¶ 6). Nor have the plaintiffs submitted evidence that the value of their other claims, for breach of contract, fraud, negligent misrepresentation, and a request for attorneys' fees, are below the jurisdictional amount.

[26]See Plaintiffs' Motion to Remand, Docket Entry No. 4, ¶ 9.

[27]The Goveas do not argue that the appraisal information is incorrect, nor do they offer contrasting valuations.

previously, when considering the amount in controversy for a case in which the amount is not facially apparent from the petition, the court may rely on "summary judgment-type" evidence. St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998). Summary-judgment evidence includes "discovery and disclosure materials on file, and any affidavits," Fed. R. Civ. P. 56(c)(2), but evidence may not be considered to the extent it is based on hearsay or other information excludable at trial. Fowler v. Smith, 68 F.3d 124, 126 (5th Cir. 1995). JPMorgan argues that the document falls under an exception to the public-records exception to the hearsay rule, which provides that:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, . . . or (C) in civil actions[,] . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed. R. Evid. 803(8).

The court concludes that the "Real Property Account Information" reported by the Harris County Appraisal District is an exception to hearsay under Rule 803(8) because it represents the outcome of a governmental process to collect information about the real property located within the county. See Christopher Phelps & Associates, LLC v. Galloway, 492 F.3d 532, 542 (4th Cir. 2007) (holding that a governmental tax assessment falls within the agency-records exception of Rule 803(8)). The record does not

contain any evidence indicating that the source of information lacks trustworthiness. In fact, JPMorgan included an affidavit in which the attorney testified that the information came from the Harris County Appraisal District and that the copy is true and accurate. The court also rejects the Goveas' arguments that the appraisal is irrelevant, constitutes an improper opinion, and is speculative.

### D. Attorneys' Fees

The Goveas lastly argue that they are entitled to attorneys' fees because JPMorgan's removal was "unreasonable and done for an improper purpose."[28] Section 1447(c) allows the court to order "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). With respect to relevant factors a court should consider in awarding one party costs such as attorneys' fees, the Fifth Circuit has stated:

> The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case. We evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper. The propriety of the defendant's removal continues to be central in determining whether to impose fees.

<u>Valdes v. Wal-Mart Stores, Inc.</u>, 199 F.3d 290, 293 (5th Cir. 2000) (internal quotations omitted). The court concludes that awarding

---

[28]Plaintiffs' Motion to Remand, Docket Entry No. 4, ¶¶ 23-25.

the Goveas attorneys' fees under these circumstances would be inappropriate because JPMorgan has demonstrated a proper legal and factual basis for removal.

### III. Conclusion and Order

For the reasons explained above, the court concludes that JPMorgan has shown by a preponderance of the evidence that the amount in controversy of this action exceeds $75,000, and that the Goveas have failed to demonstrate to a legal certainty that the amount in controversy is below the jurisdictional amount. Accordingly, Plaintiff's Motion to Remand and Memorandum in Support of Motion to Remand (Docket Entry No. 4) is **DENIED**.

**SIGNED** at Houston, Texas, on this 10th day of December, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE